139 So.2d 426 (1962)
CLUTTER CONSTRUCTION CORP., a Florida Corporation, and the Ohio Casualty Insurance Company, an Ohio Corporation, Petitioners,
v.
The STATE of Florida for the Use and Benefit of Westinghouse Electric Corporation, a Pennsylvania Corporation, Doing Business As Westinghouse Electric Supply Company, Respondents.
No. 31387.
Supreme Court of Florida.
March 28, 1962.
Rehearing Denied April 23, 1962.
Moore & Moore, Miami, and William T. Moore, Ormond Beach, for petitioners.
Eugene C. Heiman (of Myers, Heiman & Kaplan), Miami, for respondents.
PER CURIAM.
This action was brought November 12, 1959, by the materialman, Westinghouse Electric Corporation, doing business as Westinghouse Electric Supply Company, against the contractor, Clutter Construction Corporation, a Florida corporation, and the surety on its bond, Ohio Casualty Insurance Company, an Ohio corporation, to recover the sum of $7,875.63, plus interest, costs and attorneys' fees for building materials allegedly supplied by the plaintiff, hereinafter referred to as Welco, to a subcontractor, not a party to the cause. It was alleged in the complaint that said materials were "used in the prosecution of the work provided for in said general contract *427 and were incorporated in the North Liberty City Elementary School." The action was brought in the Circuit Court of Dade County pursuant to § 255.05, Florida Statutes, F.S.A., prior to the 1959 amendment.
October 24, 1960, issue was joined and the cause came on for trial before a jury. Welco submitted its evidence and rested. The contractor and its surety moved for a directed verdict on which motion ruling by the court was reserved. The contractor and surety submitted their evidence and rested. Motion for directed verdict by Welco was overruled. Pursuant to statements made by the trial court as to how he would charge the jury, Welco elected to take a voluntary non-suit, which was granted as authorized by § 59.05, Florida Statutes, F.S.A. Welco appealed this judgment to the District Court of Appeal, Third District. On consideration the district court reversed the judgment of the circuit court and ordered a new trial. We are confronted with an appeal by certiorari from the latter judgment.
The parties are not in harmony as to the questions presented but despite all they say, we think the issues for determination may be resolved by treatment of two questions as follow:
1. Is there a conflict on the same point of law with the case at bar and our decision in Kidd v. City of Jacksonville, 97 Fla. 297, 120 So. 556, as contemplated by Section 4, Article V, Florida Constitution, F.S.A., and Rule 4.5, subd. c of the Florida Appellate Rules, 31 F.S.A.?
2. When a materialman sues a general contractor and the surety on his bond as provided by § 255.05, Florida Statutes, F.S.A., for the unpaid purchase price of materials furnished and delivered to the job site of a public works project, as a prerequisite to recovery, is he required to prove that such materials were actually used in the construction of the project?
Petitioners contend that the applicable statute, § 255.05, Florida Statutes, F.S.A., and our decision in the Kidd case, supra, require proof that the materials so furnished were not only delivered to the job site, but that if any controversy arises as to their use, he [materialman] must prove that they were actually used in construction of the project.
The respondent materialman contends on the other hand that proof of delivery of the materials to the job site for a public works project is sufficient compliance with § 255.05, Florida Statutes, F.S.A., to warrant recovery for any unpaid purchase price due on such materials.
We treat question one first since it is determinative of our jurisdiction. The respondent materialman contends that the instant case is not factually "on all fours" with the decision in the Kidd case and being so, there is no conflict on the same point of law; that the same point of law is not involved in the case at bar for the reason that it is bottomed on a question of evidence, that is to say, that the delivery of the materials to the job site constitutes prima facie evidence of the incorporation of such materials in the public works project.
Examination of the "facts" in the instant case and the Kidd case discloses the following: In each case there was a contract for the performance of certain construction work involving a public building (the North Liberty City Elementary School and the municipal docks of the City of Jacksonville); in each case the contract was entered into between a contractor and a public authority (the Board of Public Instruction of Dade County, Florida, and the City of Jacksonville); in each case the contractor executed a penal bond with the additional obligations as specified in § 255.05, Florida Statutes, F.S.A., and its predecessor; in each case a suit was brought by a materialman against the contractor and his surety for the unpaid purchase price of supplies furnished by such materialman; in each case the complaint alleged that the materials furnished were *428 used in the prosecution of the work contracted for; in each case the suit was defended on the theory that the materials furnished were not used in the prosecution of the work contracted for. The only factual dissimilarity worthy of note is that in the instant case no privity of contract existed between the general contractor and the materialman, whereas in the Kidd case privity of contract did exist between the general contractor and the materialman. This factual dissimilarity is immaterial, however, because privity of contract is not a necessary element in a suit predicated on § 255.05, Florida Statutes, F.S.A.
From the foregoing, it is obvious that the contention of the respondent materialman that the facts are not "on all fours" in all material respects contains no merit and most certainly the rule enunciated by this court in Florida Power & Light Company v. Bell, Fla. 1959, 113 So.2d 697, Ansin v. Thurston, Fla. 1958, 101 So.2d 808, and others of similar import has no bearing here. Likewise, respondent materialman's contention that the same point of law is not involved is without merit. The "point of law" involved in the instant case and in the Kidd case is whether or not a materialman, as a prerequisite to recovery for the unpaid purchase price of supplies furnished a public works project in a suit based on § 255.05, Florida Statutes, F.S.A., is required to prove that such supplies were actually used in the prosecution of the work contracted for. The Kidd case answered this question in the affirmative. The circuit court followed the Kidd case but the district court of appeal reversed, hence the conflict.
Now let us consider the merits of the case. In the Kidd case this court discussed at length the federal act from which § 255.05, Florida Statutes, F.S.A., was drawn, the various amendments appertaining thereto, and the federal decisions interpreting the federal act as amended. The purpose in so doing, was to demonstrate that no decisions on the point of law involved had been written by the federal courts. The holding in the Kidd case seems quite clear from the following language taken from the opinion written for the court by Mr. Justice Ellis:
"From all the authorities that we have examined, our conclusion is that the word `used,' as it appears both in the federal act of 1905, supra, and the Florida act of 1915, supra, effected no change whatsoever in the `additional obligation' as it appears either in the federal act of August 13, 1894, or the Florida act of 1915 (section 3533, Revised General Statutes); that the materials supplied in the `prosecution of the work' means materials which form an integral part of the work and are necessarily involved in it. * * *
* * * * * *
"* * * It follows from the views above expressed that the materials supplied must not only substantially conform to the specifications required for such materials, but under the special circumstances of the case such materials must form an integral part of the work and be necessarily involved in it."
Under this decision, the burden is on the materialman to prove that the materials supplied or furnished to a contractor in a public works project were used in the prosecution of the work, i.e., formed an integral part of the work, and were necessarily involved in the work as a prerequisite to recovery for the unpaid purchase price of such material or supplies in an action brought under § 255.05, Florida Statutes, F.S.A.
The decision of the district court of appeal relied on in the case at bar appears to hold that the effect of § 255.05, Florida Statutes, F.S.A., is,
"* * * `to afford to those supplying labor and materials on public works projects a means of protection in lieu of the lien afforded them on the *429 private work as provided by other statutes.' The legislature having by statute (§ 255.05) eliminated the laborer's and materialman's security for payment of their work and/or materials and transferred such security to a bond, it would not, in our opinion, follow that the legislature, absent express sanction, intended that such rights should be further restricted by a requirement that only direct and positive proof of the incorporation of labor and/or materials in a public building would support a right of recovery. When the materialman furnishes legally admissible proof of the delivery of materials to the site of the improvement pursuant to a contract therefor, then proof of such delivery would constitute prima facie evidence of the incorporation of such materials in the improvement."
The effect of such holding shifts the burden of proof requiring only that the materialman prove that the material or supplies were delivered to the job site of a public works project. The general contractor will then be required to prove that such material or supplies were not used in the prosecution of the work contracted for to defeat recovery for the unpaid purchase price of such material or supplies in an action brought under § 255.05, Florida Statutes, F.S.A.
From what is said in this opinion, it appears that in Kidd v. City of Jacksonville, supra, we held that in an action like this to recover a materialman must not only prove that he delivered the material to the job site, but that he must then prove that the material so furnished was actually used in prosecution of the work or the building project.
On consideration of the cause as now presented the court is of the view that all the materialman is required to prove is the delivery of the material to the job site and that anything said in Kidd v. City of Jacksonville, supra, to the contrary be, and the same is hereby, receded from.
It follows that certiorari is discharged and the judgment of the district court of appeal is affirmed.
Affirmed.
ROBERTS, C.J., and TERRELL, THOMAS, THORNAL and O'CONNELL, JJ., concur.