184 So.2d 491 (1966)
The BOARD OF PUBLIC INSTRUCTION OF SARASOTA COUNTY, Florida, a Corporation under Florida Law, for the Use and Benefit of AMERICAN RADIATOR AND STANDARD SANITARY CORPORATION, a Corporation, Appellant,
v.
The FIDELITY AND CASUALTY COMPANY OF NEW YORK, a corporation, and Indcon Engineers & Contractors, Inc., a Corporation, Appellees.
No. 6054.
District Court of Appeal of Florida. Second District.
March 18, 1966.
Rehearing Denied April 13, 1966.
*492 Henry P. Trawick, Jr., of Kirk, Pinkerton, Sparrow, Trawick & McClelland, Sarasota, for appellant.
I.R. Ludacer, of Harkavy, Doyle, Hasson & Ludacer, Sarasota, for appellees.
LILES, Judge.
Appellant, plaintiff below, brings this timely appeal from a summary final judgment entered by the trial court in favor of appellees, defendants below. We find error and reverse
The Board of Public Instruction of Sarasota County contracted with defendant Indcon Engineers and Contractors, Inc. for the construction of an elementary school. Defendant Indcon executed the usual penal bond required by § 255.05, Fla.Stats., F.S.A. with defendant Fidelity and Casualty Company as surety. Indcon then contracted with one A.F. Patrick to furnish the air handling equipment for the school. Part of this equipment was purchased from use plaintiff who made its last shipment to Patrick on April 9, 1962. Upon Patrick's failure to pay, plaintiff mailed a notice of non-payment to defendant Indcon. This notice was mailed on July 5, 1962, some *493 87 days after plaintiff last shipped material to Patrick. The notice was received by defendant Indcon on July 11, 1962, or 93 days after the April 9, 1962 shipment.
Use plaintiff subsequently brought suit against defendants on the performance bond. The trial court entered a summary final judgment in defendants' favor apparently on the ground that use plaintiff had failed to notify defendant Indcon of the non-payment within ninety days as provided by § 255.05, Fla.Stats., F.S.A. The parties have presented two questions for our determination: (1) Must the written notice of non-payment be mailed within ninety days after complete delivery of materials or received within that period; and (2) is the last date of performance the date the materials are shipped to the subcontractor f.o.b. point of origin or the date the materials are delivered to the job site?
The portion of § 255.05, Fla.Stats., F.S.A., in controversy reads in pertinent part:
"Any person supplying labor, material or supplies used directly or indirectly in the prosecution of the work to any subcontractor and who has not received payment therefor, shall, within ninety days after performance of the labor or after complete delivery of materials and supplies, deliver to the contractor written notice of the performance of such labor or delivery of such materials and supplies and the non-payment therefor, and no action or suit for such labor or for such materials and supplies may be instituted or prosecuted against the contractor unless such notice has been given. * * *"
There do not appear to be any reported Florida decisions dealing with the questions presented, and we consider the matter one of first impression under § 255.05.
As to the first question, that of the mailing of the notice of non-payment, basic contract principles provide a helpful analogy. There was no direct contractual relationship between plaintiff and defendants, but the Legislature has provided the "contract" between the parties and, in effect, § 255.05 amounts to the general contractor's "offer" to plaintiff materialman. The notice provision of the statute provides that the aggrieved materialman shall "deliver * * * written notice" of non-payment to the general contractor. "Deliver" however does not necessarily mean the same thing as "receive," and there are many cases holding that where an offer requires acceptance by delivery in writing, such delivery takes place when the acceptance is placed in the mail by the offeree. See, for example, Morello v. Growers Grape Products Ass'n, 82 Cal. App.2d 365, 186 P.2d 463 (1947) and Pheffer v. Kleb, 241 S.W.2d 91 (Mo. App. 1951). It is our view that when the written notice of non-payment is properly placed in the mail, addressed to the contractor with postage prepaid, such notice is "delivered" within the meaning of § 255.05, Fla.Stats., F.S.A. Of interest is the recent decision in United States for the Use and Benefit of Crowe v. Continental Casualty Co., 245 F. Supp. 871 (D.C.La. 1965), holding that the 90-day notice requirement of the Miller Act, 40 U.S.C.A. § 270b(a), after which § 255.05 is patterned, is satisfied when a notice letter is registered and mailed on or before the ninetieth day.
As to the second question presented, defendants argue that the "last complete delivery of materials and supplies" occurs when the materialman delivers the supplies or materials to a common carrier f.o.b. point of origin for shipment to the subcontractor. Defendants argue this is so because title to the goods passes to the subcontractor at that time. Plaintiff contends that the statute contemplates these goods actually being delivered to the job site before the ninety-day period begins to run. We are inclined to agree with plaintiff's view.
In order for a materialman to recover for supplies furnished under § 255.05, he must prove that those supplies were actually delivered to the job site. Clutter Construction Corp. v. State of Florida for the Use and Benefit of Westinghouse Electric *494 Supply Corp., 139 So.2d 426 (Fla. 1962). His action does not arise merely because he furnished material to a subcontractor who happened to be working on a public works project, but because those materials were delivered to the site of said project and presumably used therein. Since the materialman's claim depends upon delivery of his supplies to the job site, it would seem reasonable that the ninety-day period would begin to run on the last date of delivery of the materials to the construction site.
Our reversal of the trial court's judgment cannot, however, rest upon either of our answers to the questions presented by the parties. The paragraph of § 255.05, Fla.Stats., F.S.A. quoted above was added by the Legislature in 1959. Ch. 59-491, Laws of Florida, 1959. It was declared unconstitutional by the Supreme Court of Florida in 1963 because of the Legislature's failure to re-enact § 255.05 and publish it at length as required by Article III, Sec. 16 of the Florida Constitution, F.S.A. Auto Owners Insurance Co. v. Hillsborough County Aviation Authority for the Use and Benefit of General Electric Supply Co., 153 So.2d 722 (Fla. 1963). The Legislature did, however, correct this oversight in the 1963 Session. Ch. 63-437, Laws of Florida, 1963. At the time plaintiff furnished the materials to Patrick and at the time it commenced its suit the second paragraph of the statute containing the notice requirement was of no force and effect. Massachusetts Bonding & Insurance Co. v. Bryant for Use and Benefit of American Oil Co., 175 So.2d 88 (Fla.App. 1965); W.F. Thompson Construction Co. v. Southeastern Palm Beach County Hospital District for the Use and Benefit of Miami Tile & Terrazzo, Inc., 174 So.2d 410 (D.C.A.Fla. 1965).
The provisions of defendant's performance bond merely obligate the general contractor to "promptly make payments to all persons supplying him labor, materials and supplies, used directly or indirectly by the said contractor, or subcontractors, in the prosecution of the work provided for in said contract * * *." The bond contains no notice requirements. Since the statutory notice requirements were not in effect and since the bond contained no notice provisions, use plaintiff was not precluded from bringing his action.
Although the parties did not argue this point, an appellate court will always consider fundamental error that is apparent on the face of the record. Ogilvie v. State, 181 So.2d 710 (D.C.A.Fla. 1966); Wyche v. State, 178 So.2d 875 (D.C.A.Fla. 1965); Rule 3.7, subdiv. i, Fla.Appellate Rules, 31 F.S.A.
Accordingly, the judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
SHANNON, Acting C.J., and HOBSON, J., concur.