STATE OF FLORIDA, for the Use and Benefit of **WESTINGHOUSE ELECTRIC SUPPLY COMPANY**, etc., Plaintiff,

v.

Robert M. MARVIN, as Trustee of Anderson Electric, Inc., a bankrupt Florida corporation et al., Defendants.

Civ. No. 67–787.

United States District Court
S. D. Florida,
Miami Division.

Dec. 6, 1967.

---

1. It was revealed in oral argument that he has recently resigned.

Heiman & Crary, Miami, Fla., for plaintiff.

Feibelman, Friedman, Hyman & Britton, Miami, Fla., for defendant, Marvin.

Moore & Moore, Miami, Fla., for defendants, James G. Thompson, Inc., Home Owners Ins. Co. and U. S. Fidelity & Guaranty Co.

### ORDER

CABOT, District Judge.

This cause came on to be heard on the motion of defendant, Robert M. Marvin, to dismiss the amended complaint as to him, and on motions of defendants, James G. Thompson, Inc. (Thompson), Home Owners Insurance Company (Home Owners), and United States Fidelity & Guaranty Company (USF&G), to dismiss or to strike Count 2 of the complaint, and the Court has heard the argument of counsel, considered the pleadings and memoranda, and is otherwise duly advised in the premises.

The amended complaint of use-plaintiff Westinghouse alleges that on or about January 15, 1966, defendant Thompson contracted with the Board of Public Instruction of Broward County, Florida, for the construction of the Margate Junior High School and that on or about that same date Thompson subcontracted the electrical work for the construction to Anderson Electric, Inc. Pursuant to Florida Statutes § 255.05, F.S.A., both defendants Thompson and Anderson posted the required bonds with sureties. Defendant Home Owners is the surety for Anderson, and defendant USF&G for Thompson.

It is alleged that between June 1, 1966, and Ocotber 3, 1966, use-plaintiff furnished and supplied Anderson with materials and supplies for use in the prosecution of this construction. Count 1 further alleges actual incorporation of the furnished materials and supplies in the improvements provided for in the contract and subcontract. This count the defendants concede does state a claim upon which relief may be granted. However, their attack is upon Count 2, which pleads in the alternative that the supplies were furnished by plaintiff to Anderson "in good faith and under a reasonable belief that such materials and

supplies were intended for ultimate use under the prime contract and subcontract for the construction of the Margate School, and such materials and supplies were delivered to Anderson under circumstances justifying use-plaintiff in believing not only that they would be but that they were in fact used by Anderson in the fulfillment of his contractual obligations." It is to this count that the defendants' motions are directed. Anderson, the subcontractor, it is alleged, has failed to pay to plaintiff the sum of $24,642.88 for the said materials and supplies. The defendant Marvin is the trustee in bankruptcy of Anderson and is being sued in his representative capacity only. Since the basis of his motion as announced in Court was the confusion as to whether Marvin was being proceeded against individually, and since that confusion was cleared up by plaintiff's counsel's statement that any recovery was sought only against Marvin in his representative capacity, his motion to dismiss should be denied.

■ Use-plaintiff's right of action against the contractor and his surety and against the surety of the subcontractor stems from Florida Statutes § 255.05, F.S.A. That statute relates to the protection given to, among others, materialmen and suppliers of material used in the construction of public buildings. Since they could not obtain a lien on these public buildings, this section was enacted to protect them by requiring the posting of bonds by the contractor and subcontractor, against which these materialmen may recover. This section was patterned after the Federal Miller Act, 40 U.S.C. § 270, and it has been held that the construction of Florida Statutes § 255.05, F.S.A. should be in harmony with the Miller Act whenever possible. Kidd v. City of Jacksonville, 97 Fla. 297, 120 So. 556 (1929). It is the contention of the plaintiff that delivery to the subcontractor in good faith and under a reasonable belief that the material was intended for ultimate use under the prime contract is sufficient to state a claim

under § 255.05. This was so held in United States f/u/b Westinghouse Electric Supply Co. v. Endebrock-White Co., Inc., 275 F.2d 57 (4th Cir. 1960), a case arising under the Miller Act, 40 U.S.C. §§ 270a–270d. *Endebrock-White* was expressly approved by the Fifth Circuit Court of Appeals in Boyd Callan, Inc. v. United States f/u/b Steve's Industries, Inc., 328 F.2d 505 (5th Cir. 1964). However, what *Endebrock-White* made clear was that the proof of good faith delivery, etc., was not a presumption but rather a cause of action and, therefore, proof that the materials were not actually incorporated would not bar recovery under the Miller Act. As a matter of fact, in *Endebrock-White,* the Court points out that the materials were not actually incorporated. However, it is clear in Florida that actual incorporation is a prerequisite to recovery under Florida Statutes § 255.05, F.S.A., and that proof of delivery of the materials to the job-site is merely a presumption of incorporation which may be rebutted by the defendant. Clutter Construction Corp. v. State f/u/b Westinghouse Electric Corp., Fla., 139 So.2d 426 (1962). While the Court does not at this time voice an opinion on the question of whether the good faith delivery, etc., is sufficient to raise a presumption of incorporation, it is clear that it is not a cause of action under the Florida law and therefore may not be pleaded. Accordingly, it is

Ordered and adjudged that:

1. Defendant Marvin's motion to dismiss be and the same is hereby denied and said defendant shall have ten (10) days from the date hereof within which to answer or otherwise respond to plaintiff's complaint.

2. The motion of defendants Thompson, Home Owners and USF&G to strike Count 2 be and the same is hereby granted and Count 2 is stricken from the complaint. Said defendants shall have ten (10) days from the date of this order within which to answer or otherwise respond to Count 1.