CARROLL, DONALD K„ Judge.
Two of the defendants in an action on a contract performance bond have appealed from a final summary judgment entered for the plaintiffs by the Circuit Court for Marion County.
The question presented for our determination in this appeal, as phrased by the appellants in their brief, is whether that court erred in entering a summary judgment against the principal and surety on the said bond for the value of materials whose delivery and use in the contract job were denied by the pleadings and unproved in the affidavit and depositions before the court.
The plaintiffs allege in their complaint that in 1962 the defendant surety issued a contract performance bond wherein the other defendant-appellant, a general contractor, was the principal and the nominal plaintiff-appellee was the obligee; that the bond contained the usual provisions guaran *742 teeing payment to all persons furnishing materials for use in the construction of a building at a certain junior college; that the use plaintiff, a plumbing and heating corporation, had sold and furnished materials to one of the said principal’s subcontractors, a defendant, for use in such construction; and that there remains unpaid to the use plaintiff the sum of $2,492.-44 for the said materials. The complaint then prays for judgment against all of the defendants in the said sum, plus interest, costs, and attorney’s fees.
To the above complaint the defendants-appellants, after unsuccessfully trying to dismiss it, filed their answer, admitting the execution and terms of the said bond but denying that the use plaintiff had furnished any of the materials for which payment was claimed to the job covered by the bond. In addition the said defendants affirmatively allege that the said materials had not been used upon the said job and that the use plaintiff had been paid in full for all materials furnished and used upon the job covered by the bond.
Subsequently the use plaintiff filed in the cause a motion for a summary judgment against all of the defendants. Attached to the motion was an affidavit, which, together with two depositions, was before the court at the hearing on the motion. The motion was granted and the final summary judgment was entered following the hearing.
The authority to enter a summary judgment is derived from Rule 1.510 of the Florida Rules of Civil Procedure, 31 F.S.A., providing in pertinent part that, at the hearing on a party’s motion for a summary judgment, the judgment sought “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Both of the mentioned conditions, it should be noted, must exist in order to justify the entry of a summary judgment.
Among the issues drawn by the pleadings in this cause at the time of the hearing was whether the use plaintiff had furnished to the said sub-contractor the materials for which payment was sought. This was the crucial issue, under the Florida Supreme Court’s decision in the Clutter case, discussed below. The evidence before the court at the hearing (that is, the affidavit and the two depositions) was in conflict and susceptible of conflicting inferences of fact, so that vital issue of the delivering of the subject materials should have been submitted to the jury for its determination rather than being disposed of by the court in this summary proceeding.
The summary judgment process, our Supreme Court has observed, “ * * * is circumscribed by the guaranty of trial by jury.” Yost v. Miami Transit Co., 66 So.2d 214 (Fla.1953).
In considering a motion for a summary judgment, as the Supreme Court has pointed out, all doubts regarding “the existence of an issue are resolved against the movant, and the evidence presented at the hearing plus favorable inferences reasonably justified thereby are liberally construed in favor of the opponent.” Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla.1965).
Both sides in this appeal cite and rely upon the Florida Supreme Court’s decision in Clutter Construction Corp. v. State of Florida for the use and benefit of Westinghouse Electric Co., 139 So.2d 426 (1962). In that case a materialman brought an action against a general contractor and the surety on a bond to recover for materials supplied to a sub-contractor for use in the construction of a public building. The Circuit Court entered a judgment of voluntary non-suit, and the materialman appealed to the Third District Court of Appeal, which reversed. The Supreme Court of Florida reviewed the latter decision by certiorari and affirmed the District Court of Appeal’s *743 decision. The Supreme Court concluded as follows:
“On consideration of the cause as now presented the court is of the view that all the materialman is required to prove is the delivery of the material to the job site and that anything said in Kidd v. City of Jacksonville, supra, to the contrary be, and the same is hereby, receded from.”
For the foregoing reasons the final summary judgment appealed from herein should be, and it is, reversed, and the cause remanded with instructions for further proceedings consistent with the views above expressed.
Reversed and remanded with instructions.
WIGGINTON, C. J., and RAWLS, J., concur.