HOBSON, Acting Chief Judge.
In our third visit[1] with these interested parties, we find that the record was not sufficient to entitle Japanese Gardens to summary judgment in its favor on the issue of the necessity of all the expenditures for operation and maintenance of the *923 mobile home park. Accordingly, the trial court erred in granting Japanese Gardens summary judgment and fixing the amount of the monthly assessments for the accounting years of 1975 and 1976.
The facts giving rise to this controversy are set forth in the opinion on an appeal in a prior action.[2] A reiteration of the interests of the parties and explanation of events subsequent to that prior appeal will put the controversy into focus.
Japanese Gardens was the developer of the mobile home park and now owns a vast majority of the lots. Apparently Japanese Gardens has little difficulty in selecting the person to act as park manager. (At one time the person selected was an officer of Japanese Gardens.) J. G. Home Sales, Inc. is a mobile home sales business which conducts its business upon the park premises and is owned by the officers and directors of Japanese Gardens. Many of the employees of J. G. Home Sales, Inc. are also employed by the park’s management, including the park’s manager who is a salesman for J. G. Home Sales, Inc.
In 1974, the parties again resorted to the courts to resolve their differences. That action resulted in a final judgment of the circuit court which set the assessments for the years 1969 through 1973. That final judgment also “accepted” certain accounting categories, expenses under which were to form the basis of the succeeding year’s assessments. However, the circuit court expressly preserved the lot owners’ right to challenge “further categories or the amounts under any categories” as “arbitrary or unreasonable.” That final judgment determined that the expenses then listed under these categories were valid and set the assessments accordingly.
Japanese Gardens accounted for expenses under these same categories for succeeding years and set the assessments for the accounting years of 1975 and 1976. These assessments are approximately $3 and $4 (respectively) over the amount previously determined to be valid. The lot owners have consolidated their opposition to these increases and have alleged that the park management has acted in the interests of Japanese Gardens’ leasing operations and of J. G. Home Sales, Inc., rather than in the interests of the lot owners. When the lot owners refused to pay the increase in assessment, Japanese Gardens brought a declaratory action to have their assessments determined to be valid.
In due course, Japanese Gardens filed a motion for summary judgment. The motion was supported by the affidavit of the park manager who outlined his accounting and assessment methods and concluded that “the figures used in arriving at those assessments are actual, are not arbitrary and are not unreasonable.” The lot owners responded by filing an affidavit in opposition to summary judgment. Carefully reading this affidavit, one can discern that appellants were contesting not so much the reasonableness of the amount of these individual expenditures as the necessity of those expenditures for proper park functions. The trial court granted summary judgment in favor of Japanese Gardens and ordered that the assessments were determined at the amount calculated by the manager.
The force of Japanese Gardens’ argument is that since the circuit court had previously “accepted” the accounting categories, appellants are barred from contesting the necessity of expenditures under those categories. This argument is the result of an understandable misinterpretation of the final judgment in the 1974 action and of the prior opinion of this court. In that opinion, this court held that the term “assessment”, as used by the parties, was obviously intended to relate to actual and reasonable expenses. Hence, an expenditure was invalid to the extent that the amount was not actually paid or to the extent that the amount actually paid was unreasonably high. This court went on to recognize that the expenses must be “reasonably necessary and proper for the purpose” for which the park is managed. There were, therefore, two bases upon which the assessments could *924 be challenged: 1) the reasonableness of the amount of the expenditures from which the assessment is derived; and 2) the reasonable necessity of the expenditures to accomplish a legitimate park purpose.
The record offers only little assistance in determining whether in the case at bar there were “genuine” issues involving either disputed facts or conflicting reasonable inferences to be drawn from undisputed facts. The only fruits of discovery incorporated in the record are the manager’s accounting sheets attached as answers to interrogatories. (The record does not contain a copy of the accounting sheets reflecting expenditures previously determined by the circuit court to be reasonable and necessary.) While the manager’s affidavit expresses his opinion that the “figures” (amounts) are actual and reasonable, it nowhere states that all of the expenditures were necessary to the operation and maintenance of the park’s recreational and community facilities. Appellant’s affidavit essentially does not dispute the reasonableness of the amount of the expenditures (with the possible exception of the manager’s salary), but does contest the necessity of these expenditures for proper park purposes. While these allegations in appellant’s affidavit are not supported with facts disclosed by the record, the face of the accounting sheets contains sufficient apparent corroboration of these allegations so as to establish the presence of a genuine issue of material fact regarding the necessity of some of the expenditures. Of course, any doubts regarding the existence of a genuine issue of material fact must be resolved against the moving party. Glens Falls Ins. Co. v. Board of Public Instruction, 213 So.2d 741 (Fla. 1st DCA 1968).
Since the record discloses genuine issues of material fact, final summary judgment was improper. The final summary judgment entered in this action by the trial court below must be, and is hereby,
REVERSED and the case REMANDED.
GRIMES and OTT, JJ., concur.

. The two prior appeals to this court are: Japanese Gardens Mobile Estates, Inc. v. Hunt, 261 So.2d 193 (Fla. 2d DCA 1972); Japanese Gardens Mobile Estates, Inc. v. Hunt, 294 So.2d 113 (Fla. 2d DCA 1972), cert. denied, 305 So.2d 202 (Fla. 1974).

. Japanese Gardens Mobile Estates, Inc. v. Hunt, 261 So.2d 193 (Fla. 2d DCA 1972).