380 So.2d 1095 (1980)
The DUBLIN COMPANY and Fidelity and Deposit Company of Maryland, Appellants,
v.
BRADY SALES, INC., Sea World of Florida, Inc., et al., Appellees.
No. 78-377/NT4-70.
District Court of Appeal of Florida, Fifth District.
February 20, 1980.
Rehearing Denied March 31, 1980.
Alan S. Becker of Becker, Poliakoff & Sachs, P.A., Miami Beach, for appellants.
*1096 Greg J. Orcutt and R. Elliott Dunn, Jr. of Dixon, Schear, Brown & Lima, Tampa, for appellees.
PER CURIAM.
This is an appeal by appellant, a subcontractor, from an amended final judgment allowing the appellee, a materialman, to recover $18,960.40, plus interest, on its statutory lien.
Appellants first allege that the trial court committed error in concluding that the materials allegedly delivered by appellee were in fact delivered or incorporated in the subject real property. Materialmen are entitled to perfect a mechanic's lien against the property "improved" to recover for items which are incorporated into the improvement. § 713.01(6), (Fla. Stat. 1973). Except when the item is specially fabricated, or constitutes normal wastage in the course of construction, or is used in building the improvement, such as tools or equipment, the materials furnished by the lienor must be shown to have been actually incorporated into the improvement. Beautyware Plumbing Supply Co. v. Columbiad Apartments, Inc., 215 So.2d 42 (Fla. 4th DCA 1968).
On direct examination, Mr. Brady, President of appellee Brady Sales, testified that he had actual knowledge from his visits to the job site that a certain portion of the materials were delivered and incorporated into the project. He further testified that the balance of the materials supplied were specially fabricated for the project. He described the materials that were incorporated into the project and explained the basis for his opinion that the other materials were specially fabricated. He also submitted detailed invoices for all of the materials. On cross-examination, Mr. Brady's memory was demonstrated to be far from perfect as far as his recollection of viewing all of the items claimed to have been supplied. However, we believe that it was for the trial court to determine the weight and credibility of Brady's testimony and that while the evidence was marginal, it was sufficient to support the trial court's judgment.
Appellant next contends that the appellee's claim of lien should be reduced by $7,154.00, since that figure represents a duplication of billing. Brady alleged in its complaint and subsequently Mr. Brady testified that with appellant's agreement, Air Guide Corporation had been paid by Brady to perform a portion of its contract with appellant. Air Guide filed a separate claim of lien against appellant. Appellee's claim of lien as filed and attached to its complaint was for $18,960.40, which included Air Guide's bill. The evidence at trial was undisputed that Brady paid the Air Guide bill. In addition, it was shown that appellant was well aware of the fact that Brady was claiming the Air Guide bill as part of its claim. Appellant made no effort to join Air Guide in the proceedings. Under these circumstances we find no error in including the Air Guide billing in Brady's recovery.
Appellants finally contend that the trial court erred in finding that a surplus of funds existed out of which appellee could be paid where appellee had filed a late notice to owner. The surplus of funds was found to exist by reason of the payments made by the owner before the filing of the notice of commencement. The trial court's ruling on this issue is in conformity with this court's opinion in Wool Wholesale Plumbing Supply, Inc. v. Abdo, 365 So.2d 216 (Fla. 4th DCA 1978).
Accordingly, the judgment of the trial court is hereby affirmed.
DOWNEY, JAMES C., ANSTEAD, HARRY LEE and GLICKSTEIN, HUGH S., Associate Judges, concur.