LETTS, Judge.
A supplier, not in privity with the general contractor, remained unpaid for electrical supplies which it furnished to a state construction project. Accordingly, it attempted to deliver written notice of nonpayment as required under Section 255.- *386 05(2), Florida Statutes (1985). Nonjury, the trial judge concluded that the necessary notice to , the general contractor was not “received” until the 92nd day — two days beyond the 90 day maximum under the statute.[1] The trial court thereupon entered final judgment ordering that the supplier “take nothing from this action and go hence without day.” We reverse.
The facts of this case show that while the supplier mailed the required notice within the ninety day period, it allegedly mailed it to the wrong address so that it was returned and had to be redirected, thus causing it to be “delivered” late.
The statute requires that the notice be “delivered ” within 90 days, but all parties agree that had the notice been properly mailed to the correct address, within the 90 days, it would have been timely. Both sides point to the same case of Board of Public Instruction of Sarasota v. Fidelity and Casualty Company of New York, 184 So.2d 491 (Fla. 2d DCA 1966), which plainly holds that it is sufficient if the notice is “properly placed” in the mail. In turn, the cases cited in that decision call for the notice to be “properly addressed.” It is the general contractor’s position that the particular notice was not “properly addressed.” We disagree.
The supplier had contracted to furnish its materials to the electrical subcontractor pursuant to a written subcontract between the electrical subcontractor and the general contractor. That subcontract listed on its masthead, the general contractor’s address as the very same one to which the supplier mailed the notice of nonpayment. Furthermore, that same subcontract, under the heading of “NOTICE,” called for any notices to the general contractor to be sent in writing to that same, allegedly wrong, address. What happened is, the general contractor moved to a new address after the subcontract was entered into by the parties. He admits he never officially informed the supplier that he had moved, and takes the position that he did not have to notify it. However, it is equally clear from the record that the supplier did in fact have actual knowledge of the change in address. Thus, it is argued that the supplier was bound by that knowledge even though the general contractor did not disseminate that information to it.
In conclusion, we are of the opinion that timely mailing of the' notice to the address called for in the subcontract under which the supplier furnished his materials was sufficient to satisfy the requirement that it be “properly addressed.” Therefore, the supplier substantially complied with the provisions of Section 255.05(2). We also note that under the statutory provision, the same notice must be furnished to the bonding company. It is undisputed that this was timely mailed to the proper address.
We reverse the final judgment and remand for further proceedings.
ANSTEAD and DELL, JJ., concur.

. While not essential to our deliberations, the 90th day was a public holiday, the 25th of December.