Neils A. Anderson and Caroline M. Anderson, *Appellants*, vs. Dade Lumber Company, a Florida Corporation; H. L. Reynolds Company, a Florida Corporation; and F. A. Gutelius, as Receiver of Farmers Bank & Trust Co., late a banking corporation, *Appellees*.

Division A.

Opinion filed April 1, 1931.

*Raymond S. Yeomans,* for Appellants;

*Joe Hatfield,* for Appellees.

BUFORD, C.J.—In this case Dade Lumber Company filed a bill of complaint against N. A. Anderson and his wife, Mrs. N. A. Anderson, in what appears to have been an attempt to foreclose a lien. The bill was filed on June 25th, 1925. Subpoena in chancery was issued and was returned by the sheriff endorsed ''No service''. Attached to the bill of complaint was what is termed a cautionary notice. It is alleged in the bill of complaint that Anderson and wife are the owners in fee simple of the lands described in the bill of complaint and in the cautionary notice. This would indicate that the real estate is property owned by the husband and wife as an estate by entireties. If this is true the bill of complaint could not be maintained because the provisions of section 1 of chapter 9296 Acts of 1923, section 5360 C.G.L. of Fla., was not complied with.

So far as is shown by the record, nothing else transpired in regard to this case until the 13th day of July, 1928, when an amendment to the so-called first bill of complaint was filed naming Neils A. Anderson and Caroline M. Anderson, his wife, H. L. Reynolds Co., a Florida Corporation, J. Warren Smith and F. A. Gutelius, as Receiver of Farmers Bank & Trust Company, parties defendant. After this socalled amendment had been filed summons in chancery was issued directed to all the parties therein named and was served on such parties.

Decree pro confesso was taken against H. L. Reynolds Company. The Andersons filed a plea which in effect alleges that the suit to foreclose the lien for materials furnished by the complainant to H. L. Reynolds Company to be used in the construction of a building, the fee simple

title to which was in the Andersons, was not filed within twelve months from the date of the furnishing of the last materials, nor within twelve months from the date of the filing of cautionary notice. The plea was denied. Thereafter, an answer was filed, paragraph 10 of which sought to defend upon the same grounds as those alleged in the plea. This paragraph 10 of the answer was excepted to and stricken. The appeal is from the orders denying the plea and striking the paragraph 10 of the answer. The bill of complaint as amended in its most favorable aspect to the pleader is a bill to foreclose a materialman's lien by one not in privity with the owner. Such a bill may only be maintained under the provisions of section 3520 R.G.S., section 5383 C.G.L., which provides,

"In every suit at law or in chancery the contractor or the person for whom the labor was performed or the material furnished must be made party defendant to the suit and the judgment or decree may provide for the recovery from the contractor or other persons aforesaid of the amount due him and from the owner of the amount due by him to the contractor or other persons as aforesaid at the time of the service of the notice provided for by section 5381 as well as decree and enforce the lien against the property of such owner for such amount, but only one satisfaction of such judgment shall be had."

Now the record is clear that there was no suit filed against the owner and the contractor for whom the materials were furnished within twelve months of the date of the recording of the alleged notice, nor within twelve months after the time that the materials are alleged to have been furnished. The original bill of complaint can not be held to be a bill of complaint against the owner and the contractor to enforce the lien of a materialman who furnished

materials not in privity with the owner. A claimant can not breathe life into that which was void, by coming in some three years after a suit has been filed against certain parties under which no recovery could be had under the law by their naming other necessary parties defendant and having summons issued and served on all parties when no summons had theretofore been served on any of the parties.

The amendment filed July 13, 1928, constitutes for all intents and purposes a new and independent suit filed more than twelve months after the recording of the statutory notice and more than twelve months after the furnishing of the materials. It is well settled that if the suit to enforce the lien is not instituted within twelve months as prescribed by statute the lien will expire and no remedy will exist as against the owner. See Eddings vs. Tweedle, 35 Fla. 107, 17 Sou. 66; Booker & Co. Inc., vs. Leon H. Watson, Inc., 96 Fla. 671, 119 Sou. 104.

The notice in the instant case complies with the requirements of section 3518 R.G.S., 5381 C.G.L., provided the property against which the lien is sought to be enforced was not owned by the husband and wife as an estate by entireties, but, as heretofore stated, no suit was brought to enforce the lien acquired by the notice against the owner within a period of twelve months from the record of such lien in compliance with the provisions of section 3520 R.G.S., 5383 C.G.L., inasmuch as the parties required by that statute to be made defendants were not made defendants and no process was issued to them until some three years after the record of the notice.

On the other hand, if the property is held by husband and wife as an estate by entireties, there has been no apparent effort to comply with the statutes so as to impress a

lien for material furnished for the construction of improvements on such property.

For the reasons stated, the order appealed from is reversed with directions that the bill be dismissed. It is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.