ROBERTS, Justice.
Plaintiff-appellant, a plumbing subcontractor, filed a suit in equity against the defendant-appellee, Edward A. Stearn, to foreclose a claim of lien against property owned by the defendant. He did not join as a party defendant the general contractor, Palmer & Jarrett, with whom Stearn had contracted for the construction of a building on his premises and who had, in turn, subcontracted the plumbing work to plaintiff. The plaintiff claimed the right to recover the full amount of his lien on the ground, among others, that “prior to completing the contract, Plaintiff informed the Defendant, Edward A. Stearn that no money had been paid on the contract and the said Defendant promised to make payment to the Plaintiff and pay the sum of $1,196.50 in full.” This allegation was denied by defendant in his answer.
*530 The lower court heard the evidence of the parties on the issue of whether there was such privity between the parties as to justify awarding to plaintiff the full amount of his claim of' lien and resolved the conflicts therein in favor of the defendant. We have carefully reviewed the evidence and can find no reason for overturning the Chancellor’s conclusion that no such privity existed, except as to a claim for $96.50 for an “extra” demanded by defendant and furnished by plaintiff in reliance upon defendant’s promise to pay therefor. Accordingly, this portion of the decree is affirmed, with the exception noted.
After finding that there was no privity between the parties, the Chancellor sustained the defendant’s motion to dismiss on the ground of failure to join indispensable parties (a decision thereon having been deferred until after trial) and dismissed the complaint. His decision in this respect was based on the provisions of Sec. 86.07, Fla.Stat.1955, F.S.A., and the opinion of this court in Anderson v. Dade Lumber Co., 1931, 101 Fla. 38, 133 So. 321.
The plaintiff has assigned this ruling as error and here contends that the provisions of Sec. 86.07 are not applicable to a suit to foreclose a mechanic’s lien acquired and perfected under the Mechanics’ Lien Law, Ch. 84, Fla.Stat.1955, F.S.A.
Sec. 86.07, Fla.Stat.1955, F.S.A., was originally enacted as a part of Ch. 5143, Laws of 1903, which provided for the acquisition and enforcement of many types of liens therein established. With a few amendatory additions or deletions, this 1903 Act remained the only statutory lien law of this state until 1935, when the present Mechanics’ Lien Law was adopted by Ch. 17097, Acts of 1935. In the 1941 Florida Statutes, F.S.A., by which the laws of this state were compiled and renumbered, the 1935 Mechanics’ Lien Law was carried forward as Chapter 84. The provisions of the 1903 Act providing for the acquisition of the statutory liens therein specified were carried forward as Chapter 85, and the enforcement provisions of the 1903 Act were incorporated as Chapter 86. As changed and carried forward by the revisers, Sec. 86.01 provides that “All liens provided for by the foregoing chapters, either upon real or personal property, except where otherwise provided, shall be enforceable by person (sic) in privity with the owners as follows: * * * (The provision, before revision, referred to the liens “provided for by this chapter” and omitted the phrase “except where otherwise provided”.) Sections 86.02-86.06 set forth the remedies available to a lienor in privity with the owner. Sec. 86.07 specifies the remedies available to a lienor not in privity with the, owner and the type of relief that may be afforded him. It also provides that “in every suit at law or in chancery the contractor or the person for whom the labor was performed or the materials furnished must be made a party defendant to the suit; * * ”, and it is this particular provision which the Chancellor held applicable to plaintiff’s suit, and that it was barred by his failure to join the contractor therein within 12 months of the time of filing his claim of lien.
This court has held that the summary remedy provided by Sec. 86.06 (enacted by Ch. 10279, Acts of 1927, as an amendment to the 1903 Act) is available to a laborer in the enforcement against his employer of a lien acquired and perfected under the Mechanics’ Lien Law. State ex rel. Gore v. Chillingworth, 126 Fla. 645, 171 So. 649, 652. Pointing out that the 1935 Act was “a revision of the entire subject of mechanics’ and laborers’ liens”, and that it repealed “all acts or parts of acts” inconsistent therewith, the court said that there was no inconsistency between the 1935 Mechanics’ Lien Law and the 1927 Act, “the one providing for the acquisition and perfection of liens, and the other providing for the enforcement of them, and in the latter phase of the subject there appear to be no conflicting clauses between the two acts.”
But even if it be assumed that the remedies provided by Sections 86.02-86.07 for *531 the enforcement of liens accruing under the 1903 Act (Ch. 85) might be available, where applicable, to lienors whose liens are within the purview of and are perfected under the 1935 Mechanics’ Lien Law, Ch; 84 (the “1935 Act” hereafter), it goes without saying that the liability of the owner for a lien acquired and perfected under the 1935 Act must be determined by its provisions; and such liability differs materially from that prescribed by the 1903 Act. Sec. 86.07 sets forth the relief available to lienors whose liens accrue under the 1903 Act; Sec. 84.29 sets forth the relief available to lienors whose liens accrue under the 1935 Act. This relief differs materially from that to which a lienor whose lien accrues under the 1903 Act is entitled and, of course, supersedes the former Act in this respect. Section 84.29 does not, however, provide that the contractor must be joined as a party defendant in all actions by a lienor to enforce an obligation-acquired under the 1935 Act. This is certainly an important procedural matter; and it is fair to assume that if the Legislature had intended that a lienor not in privity with the owner should join the contractor as a party defendant in all suits at law or in equity to enforce an obligation arising out of the 1935 Act, it would have been a simple matter to so provide. It did not do so, and we feel that it would be judicial legislation for this court to read into the statute such a legislative intent. The wording of Sec. 86.01 quoted above and here relied upon by the defendant in support of the Chancellor’s decree does not require a different holding since the revisers, in changing the language of the 1903 Act, carefully specified “except where otherwise provided” ; and the 1935 Act has “otherwise provided” for the type of relief afforded to lien claimants under the 1935 Act, as distinguished from that provided in Sec. 86.07 for lien claimants under the 1903 Act, and designedly, we think, omitted the provision as to joinder of the contractor as a party defendant.
It must be held, therefore, that the Chancellor erred in holding that the contractor was an indispensable party defendant in a suit which seeks to enforce only the owner’s liability under the Mechanics’ Lien Law, and it was error to dismiss the plaintiff’s suit for that reason.
Under an assignment of error stating that “On the, law and the facts of the case a Decree for Plaintiff is required by justice and right”, the plaintiff has argued' that he is entitled to the full amount of his lien because the defendant-owner “blatantly” violated the Mechanics’ Lien Law by failing to obtain a performance bond' and making payments to his contractor that were improper both under his contract and under the law. While the particular provision of the statute relied upon is not cited,, it is apparent that he is relying upon Ch. 28243, Acts of 1953, appearing as Sec. 84.05 (11) (a), Fla.Stat.1955, F.S.A., in support of his contention.
Aside from the insufficiency of the assignment of error, which was not cured by a more particular statement in his brief, cf. Redditt v. State, Fla., 84 So.2d 317, the statute in question has been held to be void and of no effect in Greenblatt v. Goldin, Fla., 94 So.2d 355. Se,e also Renuart Lumber Yards, Inc. v. Stearn, Fla., 95 So.2d 517, involving the same direct contract and dealing with the question of what payments, were improperly made under the contract and applicable law.
The decree appealed from is affirmed in part and reversed in part and the cause remanded for further proceedings not inconsistent with the opinions herein expressed.
TERRELL, C. J., and THOMAS and HOBSON, JJ., concur.