161 So.2d 668 (1964)
Louis E. WINCHESTER and George R. Winchester, Partners, d/b/a Winchester Construction Company, and Federal Insurance Company, Appellants,
v.
FLORIDA ELECTRIC SUPPLY, INC., a Florida corporation, Appellee.
No. 3926.
District Court of Appeal of Florida. Second District.
February 19, 1964.
T.T. Turnbull, Turnbull & Ervin, Tallahassee, for appellants.
William R. McCown, Carlton & McCown, Tampa, for appellee.
*669 McLANE, RALPH M., Associate Judge.
This appeal is taken from a final judgment in favor of the appellee for materials furnished a subcontractor in an action brought by it against the subcontractor, contractor and surety upon the performance bond executed under the provisions of F.S. Section 255.05, F.S.A.
The appellant Winchester as prime contractor for construction of a building at Florida State University, Tallahassee, sub-contracted certain electrical work to Tom Dunn Electric Co., Inc., which in turn purchased materials and supplies from the appellee for use in the job. Dunn had an open account with appellee and was indebted in a substantial sum to the appellee for materials and supplies furnished for other jobs as well. From time to time Dunn made certain payments on the account which were credited to the overall general indebtedness and not specifically to the Winchester contract. Because of financial difficulties, Dunn failed to pay the outstanding balance due the appellee, whereupon after due notice, suit was instituted pursuant to F.S. Section 255.05, F.S.A., against Dunn, Winchester and the surety for the balance due on the Florida State University job. From an adverse judgment the appellants, contractor and surety appeal.
The appellants first argue that the trial court was in error in not construing F.S. Section 255.05, F.S.A., in pari materia with F.S. Chapter 84, 1961, F.S.A., the Mechanics' Lien Law. If so construed, they say the claim of the appellee is defeated for failure to comply with the requirements of said F.S. Chapter 84, F.S.A., 1961, in particular Section 84.09. From an examination of the statutes it is apparent the legislature was dealing with two separate fields which are mutually exclusive. We agree that the appellee is not bound by the provisions of F.S. Section 84.09, F.S.A. In the absence of directions from the debtor as to how payments are to be credited, a creditor may apply remittances as he desires. 24 Fla. Jur., Payment, Section 21.
The appellants also contend that the business relationship of the appellee supplier of materials, and the purchaser, Dunn, was such as to charge the appellee with knowledge as to the origin of payments by Dunn on his account; that the circumstances were such as to make it reasonable for appellee to inquire from whence the funds came. The findings of the trial court come to us with a presumption of correctness. Examination of the facts and circumstances reflected by the evidence fails to convince us that proof is insufficient.
The appellants insist in effect that the appellee is limited in recovery to that sum in the affidavit of subcontractor Dunn furnished contractor Winchester, showing a much smaller balance due than proved at the trial. The controlling statute, F.S. Section 255.05, F.S.A., allows no such interpretation to defeat the creditor. The purpose of the statute is to protect the materialman and must be so construed. Collins for Use and Benefit of Dixie Plywood Co. of Tampa v. National Fire Ins. Co. of Hartford, Fla. App., 105 So.2d 190.
The predicament in which Winchester finds himself in this case brings to our attention the appropriateness of the following from J.B. McCrary Co. v. Dade County, 80 Fla. 652, 86 So. 612, 616, viz:
"* * * No hardship is imposed upon either the contractor or his surety. They know before the contract and bond are executed that any person supplying labor or material in the prosecution of the work is intended to be protected by the bond. If any part of the work is sublet or the contractor assigns his contract, it is an easy matter for him to take security from the subcontractor that all obligations for labor and material shall be paid. * * *"
The argument is further made that the appellee is bound by the amount fixed in the notice it furnished under Section 255.05, and no recovery can be had for an amount in excess thereof as proved at the trial. *670 They base the contention on some theory of estoppel but proof is completely lacking in one of the essential elements of estoppel, reliance and change in position. 12 Fla.Jur., Estoppel and Waiver, Section 57, Macina v. Magurno, Fla., 100 So.2d 369.
The appellants apparently have no quarrel with the principle that a creditor is entitled to interest upon an open account from due date. They say the Court may not permit interest where no specific claim is made in the complaint, and the addition of such interest exceeds the principal sum sought therein. Rule 1.8(b), Rules of Civil Procedure, 30 F.S.A., meets the objection. The rule reads: "Every complaint shall be considered to pray for general relief."
The judgment should properly be affirmed.
Affirmed.
KANNER, Acting C.J., and WHITE, J., concur.