335 So.2d 842 (1976)
GUIN & HUNT, INC., and Continental Casualty Company, Appellants,
v.
HUGHES SUPPLY, INC., a Florida Corporation, et al., Appellees.
No. 75-1678.
District Court of Appeal of Florida, Fourth District.
July 2, 1976.
Rehearing Denied August 27, 1976.
*843 Jeffry R. Jontz of Yount, Turnbull & Linscott, Orlando, for appellants.
Thomas B. Drage, Jr., Orlando, for appellee United of Fla., Inc.
ALDERMAN, Judge.
Guin & Hunt, Inc. and Continental Casualty Company appeal a summary final judgment entered against them in favor of United of Florida, Inc.
Briefly stated the facts are as follows: In 1973, Guin & Hunt, as general contractor, entered into a construction contract with Southern Realty Group, Inc. for the construction of a condominium complex in Orlando, to be known as "Lake-in-the-Forest". Continental Casualty Company issued a bond for the project in the amount of $2,085,000, naming Guin & Hunt (contractor) as principal, and Southern Realty (owner), and Great American Mortgage Investors (lender) as dual obligees. The bond contained this special condition:
"Surety shall not be liable under this bond, unless Owner or Lender shall make payment to Contractor strictly in accordance with the terms of the contract as to payments and shall perform all other obligations to be performed by Owner under the contract at the time and in the manner therein set forth."
United of Florida, Inc., under a subcontract agreement with Guin & Hunt, Inc., provided labor and material to the project. The general contractor failed to pay the amount due under the subcontract. The subcontractor then sought to recover on the bond as provided by § 713.23, Florida Statutes.
As an affirmative defense the contractor and its surety asserted:
"The Defendant, GUIN AND HUNT, INC., asserts that it has not received payments from SOUTHERN REALTY GROUP, INC., or the lendor of the construction proceeds to SOUTHERN REALTY GROUP, INC., and that this position is adopted by the Defendant, CONTINENTAL CASUALTY COMPANY, and therefore, Defendant, CONTINENTAL CASUALTY COMPANY, has no obligation to pay the Plaintiff under its payment bond."
On motion of the subcontractor, the court below struck the affirmative defense, and after determining that there were no genuine triable issues as to any material fact, found as a matter of law that the subcontractor was entitled to summary judgment.
We agree and affirm.
Appellants contend that the bond in question is a common law bond and not given pursuant to § 713.23. They argue that they are free to contract for any type bond they desire, and that as a part of their freedom to contract they may agree to provisions restricting payments under the bond. This might be true as between the surety and the prime obligees; however, a different situation exists in reference to appellee.
*844 Under the terms of the subcontract, payment to subcontractor was in no way conditional upon the general contractor receiving any payment from the owner or lender. All the subcontractor was required to do in order to be entitled to receive its payment was to perform in accordance with the terms of the subcontract.
A review of the bond shows it to be more than a performance bond intended only to assure the physical completion of the work. A requirement of the bond that the contractor "... keep the property and construction funds free and clear of any and all liens for labor or material furnished in connection with the contract ..." suggests that it is also a payment bond.
The bond also provides in part:
"No right of action shall accrue on this bond to or for the use or benefit of any person or corporation, other than the Owner and Lender herein named, unless such person or corporation shall be granted right of action by applicable laws relating to liens for labor and material furnished in connection with the contract ..."
Although stated negatively, this provision must be construed to mean that a person or corporation, other than the Owner and Lender, may have a cause of action on the bond if such person or corporation is granted a right of action by applicable Florida law.
Does Florida law grant to appellee a cause of action on this bond? The U.S. Court of Appeals, Fifth Circuit, considering a related question, held that under Florida law when a surety on private construction work issues a bond that purports to protect against mechanics' liens, the bond must be construed and applied in accordance with the conditions and provisions of § 713.23. Houdaille Industries, Inc. v. United Bonding Ins. Co., 453 F.2d 1048 (5th Cir.1972). Although not bound by that decision we concur with the rationale of Houdaille.
It is not mandatory under § 713.23 for a private owner to require a bond to protect lien claimants. But if the private owner, rather than remaining subject to the lien laws, chooses the alternate of a bond which protects against liens, he may not employ a bond other than a § 713.23 bond. It would be inconsistent with the Mechanics' Lien Law and the statutes allowing a bond in lieu of exposure to liens that potential lien claimants be left in doubt as to whether they may rely on the bond or must perfect their liens.
In the present case appellee filed a claim of lien as well as his claim against the bond. The fact that he perfected his lien right, in the event he is not protected under the bond, does not diminish his claim under the bond.
The surety in this case issued a bond that purports to protect against mechanics' liens. As such the bond should be construed as a "payment bond" in accordance with the provisions of § 713.23. The effect of the bond is to exempt the owner's property from lien foreclosure and substitute the security of the bond in lieu thereof. That being the case, appellee, as a subcontractor, is a third party donee obligee of the bond. His rights as such are vested and may not subsequently be defeated by the failure of the owner or lender to comply with the special conditions of the bond. The trial judge properly struck appellants' affirmative defense.
Appellants also contend that the trial court erred in granting summary judgment because appellee failed to prove that certain supplies had been delivered to the work site. We have reviewed appellee's uncontradicted affidavit in support of its *845 motion for summary judgment and find that the trial court correctly entered summary judgment.
Affirmed.
WALDEN, J., and BERANEK, JOHN R., Associate Judge, concur.