358 So.2d 892 (1978)
ALPHA ELECTRIC SUPPLY, INC., Appellant,
v.
F. FEASTER, INC. and United States Fidelity and Guaranty Company, Appellees.
No. 77-2052.
District Court of Appeal of Florida, Second District.
May 17, 1978.
*893 Robert H. Roth of Roth & Weiss, Orlando, for appellant.
Robert S. Edwards of Edwards, Sawyer & White, Plant City, for appellees.
PER CURIAM.
Appellant filed a two-count complaint. It brings this interlocutory appeal from an order dismissing count one with prejudice and dismissing count two with leave to amend. We reverse.
Appellant's complaint asserted that appellant furnished materials to a subcontractor in connection with the construction of a shopping center. The general contractor furnished a payment bond pursuant to Section 713.23, Florida Statutes (1975), which provides in part as follows:
The payment bond required to exempt an owner under parts I and II of this chapter and chapter 85 shall be furnished by the contractor in at least the amount of the original contract price before commencing the construction of the improvement under such direct contract. Such bond shall be executed as surety by a surety insurer authorized to do business in Florida and shall be conditioned that such contractor shall promptly make payments to all persons supplying him labor, materials and supplies used directly or indirectly by said contractor, subcontractor or subsubcontractor in the prosecution of the work provided in said contract... . Any lienor shall have direct right of action on such bond against the surety ... . (emphasis added).
When appellant did not receive payment in full, it filed a claim of lien pursuant to the Mechanics' Lien Law, Part I of Chapter 713, Florida Statutes (1975). Thereupon, the general contractor filed a transfer bond pursuant to Section 713.24, which provides in part as follows:
(1) Any lien claimed under part I may be transferred, by any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed, from such real property to other security by ...:
.....
(b) Filing in the clerk's office a bond executed as surety by a surety insurer licensed to do business in this state . . to be in an amount equal to the amount demanded in such claim of lien, plus interest thereon at 6 percent per year for 3 years, plus $100 to apply on any court costs which may be taxed in any proceeding to enforce said lien... . Upon ... filing such bond, the clerk shall make and record a certificate showing the transfer of the lien from the real property to the security... . Upon filing the certificate of transfer, the real property shall thereupon be released from the lien claimed, and such lien shall be transferred to said security... .
*894 The surety on the payment bond and the surety on the transfer bond are the same. Appellant brought this suit against the general contractor (principal on both bonds) and the surety. Count one of the complaint demanded judgment pursuant to the transfer bond and count two demanded judgment pursuant to the payment bond.
The trial judge dismissed count one on the ground that, a payment bond having been furnished by the general contractor (shown only by the allegations in count two), appellant could have no mechanic's lien and, therefore, no right of action on the transfer bond. As to count two, the trial judge dismissed that count with leave to amend on the ground that appellant failed to join an indispensable party; i.e., the subcontractor to whom appellant furnished the materials.
In Resnick Developers South, Inc. v. Clerici, Inc., 340 So.2d 1194 (Fla. 4th DCA 1976), both a payment bond and a transfer bond were involved. Suit was brought on the transfer bond and the court there held that the subcontractor was not entitled to recover on that bond because a payment bond had been furnished in proper form and meeting all requirements of the statute. We agree with the decision of our sister court.
Thus, proof of the existence of a payment bond meeting all of the conditions of Section 713.23, Florida Statutes (1975) is a complete defense to a suit on a subsequently filed transfer bond pursuant to Section 713.24. The record does not establish whether the payment bond in the case at bar met all the requirements of the statute. Appellees sought to impose this defense by their motion to dismiss. We believe the defense was prematurely raised and should be asserted affirmatively by allegations showing that the payment bond did, in fact, meet all the conditions of Section 713.23. But see Hunt Truck Sales and Service, Inc. v. Bonanza Construction, Inc., 353 So.2d 612 (Fla. 4th DCA 1977). While appellant cannot recover on both counts, it is entitled to proceed, at this early stage of the litigation, on both counts. A party may state as many separate claims as he has, regardless of consistency. Fla.R.Civ.P. 1.110(g).
We further hold that appellant's subcontractor is not an indispensable party to a suit on the payment bond, which is the subject of count two. Cf. Bybee v. Stearn, 95 So.2d 529 (Fla. 1957) (general contractor is not an indispensable party in suit by subcontractor to foreclose mechanic's lien against owner). Appellant must, of course, establish its right to recovery, including the fact that appellant furnished materials to the subcontractor pursuant to a contract between appellant and the subcontractor, and that the subcontractor is indebted to appellant for the materials so furnished. No doubt the presentation of such evidence will involve the subcontractor. However, appellant's right of recovery under Section 713.23 clearly is a direct right against the principal and surety under the payment bond, and joinder of the subcontractor is not required.
Reversed and remanded with instructions to reinstate the complaint and for further proceedings not inconsistent with this opinion.
SCHEB, Acting C.J., and OTT and DANAHY, JJ., concur.