MILLS, Judge.
These consolidated interlocutory appeals are from orders denying appellants’ (owners’) motions for summary judgment in suits by appellee (subcontractor) to foreclose mechanic’s liens on owners’ two oceanfront motels.
Owners contend the trial court erred because the general contractor on the two projects furnished statutory payment bonds to owners under Section 713.23, Florida Statutes (1975), which exempted them from liability to subcontractor under Section 713.02(6), Florida Statutes (1975). Subcontractor contends the trial court properly denied the motions because the bonds provided they did not become effective until payment by the owners to the general contractor under the contract and there were no allegations or proof that the payments were made.
The printed statutory payment bonds contain the following typewritten provision at the top of the bonds:
“The Surety shall not be liable under this Bond to the Obligees [owners and lender], or either of them, unless the said obligees, or either of them, shall make payments to the Principal [general contractor] strictly in accordance with the terms of said Contract as to payments and shall perform all the other obligations to be performed under said Contract at the time and in the manner therein set forth.”
The contract between the general contractor and the subcontractor conditioned payment to the subcontractor on the owner’s payment to the general contractor.
In Hawaiian Inn of Daytona Beach v. Dunn, 342 So.2d 131 (Fla. 1st DCA 1977), a case involving the same construction *384 projects and the same bonds as in this case, we held the bonds were statutory bonds, they exempt the owner from liability, and the exemption was permanent, not transitory-
In Guin & Hunt, Inc. v. Hughes Supply, Inc., 335 So.2d 842 (Fla. 4th DCA 1976), a judgment for the supplier against the general contractor and surety on the payment bond was affirmed despite a condition in the payment bond almost identical to the condition in the payment bonds in these cases. The court concluded that the condition may affect the surety’s liability to the owner but it does not affect the surety’s liability to the lienor.
A reading of the condition in the payment bonds here clearly shows that its only effect is to limit the surety’s liability to the obligees (owners and lender). The condition does not limit the rights of the subcontractor. If it did, the limitation would be invalid and would be disregarded as sur-plusage. Guin & Hunt, Inc., supra.
Subcontractor attempts to distinguish the Guin & Hunt, Inc. case from these cases on the basis that the subcontract in Guin & Hunt, Inc. did not condition payment to the subcontractor on the owner’s payment to the general contractor, whereas in these cases the contract between the subcontractor and general contractor contains such a condition. This is not a valid distinction. The restriction of the subcontractor’s rights against the general contractor does not increase the subcontractor’s rights against the owner. The subcontractor cannot unilaterally alter or eliminate the owner’s statutory exemption by inserting a provision in the contract between him and the general contractor.
Owners further contend they were entitled to summary judgments on the subcontractor’s claims of equitable lien and to prevent unjust enrichment. We agree.
Subcontractor was afforded an adequate remedy at law and the record reflects no special equities in the subcontractor. As stated in Crane Co. v. Fine, 221 So.2d 145 (Fla.1969):
“Ordinarily, the only right or interest that such a materialman has in the funds payable under the direct contract by the owner — and, in the circumstances specified in the statute, in the property improved by his materials — arises out of the provisions of the Mechanic’s Lien Law, . and, in the absence of special or peculiar equities, his failure to perfect his statutory right thereunder leaves him only his remedies at law. We emphasize that this opinion is not to be interpreted as holding that a materialman is entitled to seek an equitable lien merely because his materials are incorporated in the improvement.”
In Charter Development Corp. v. Eversole, 342 So.2d 143 (Fla. 1st DCA 1977), we held that the trial court improperly granted an equitable lien on the ground of unjust enrichment where the record in the case did not show any special or peculiar equities in appellee’s favor, but merely showed that appellee’s work and materials were incorporated in the improvement.
The subcontractor must preserve his claim, if any, against the surety and its statutory payment bond.
We reverse the orders appealed and remand to the trial court with instructions to enter summary judgments for appellants (owners).
BOYER, Acting C. J., and ERVIN, J., concur.