438 So.2d 1018 (1983)
GORMAN CO. OF FORT LAUDERDALE, INC., Petitioner,
v.
FRANK MAIO GENERAL CONTRACTOR, INC., and St. Paul Fire & Marine Insurance Co., Respondents.
No. 83-1084.
District Court of Appeal of Florida, Fourth District.
October 12, 1983.
M. Ross Shulmister of Shulmister & Grady, Fort Lauderdale, for petitioner.
David L. Kreider of Kaplan, Jaffe & Gates, P.A., Hollywood, for respondents.
ANSTEAD, Chief Judge.
Gorman Co. of Fort Lauderdale, Inc., has filed this petition for writ of common law certiorari seeking review of a non-final order dismissing its action on a payment bond. The trial court granted the motion to dismiss of defendants Frank Maio General Contractor, Inc. (Maio) and St. Paul Fire and Marine Insurance Co. (St. Paul) for failure to join an indispensable party, Interstate Mechanical Corp. (Interstate).
The City of Boca Raton entered into a contract with Maio, as general contractor, to perform all work on a public construction project. Maio and St. Paul, the surety, furnished a payment and performance bond pursuant to section 255.05, Florida Statutes (1981). Maio subsequently contracted with Interstate, a subcontractor, who, in turn, entered into an agreement with Gorman to provide the plumbing materials and supplies. *1019 Gorman furnished materials to the subcontractor between May 4 and October 10, 1982. Interstate subsequently applied for bankruptcy, allegedly without having paid Gorman.
Gorman filed a four-count complaint for payment of the amounts due for materials supplied to the project. The first three counts demanded payment from Marlene and Edward Berry, owners and officers of Interstate, as personal guarantors of the debt of the subcontractor. Count four sought payment from the contractor and the surety under the bond. Maio and St. Paul moved to dismiss or, in the alternative, to add Interstate as a third party defendant. A supplement to the motion and an affidavit filed personally by Frank Maio indicated that the bankrupt subcontractor was making a duplicate claim based on the same project. The trial court held that the subcontractor was an indispensable party to the materialman's claim against the construction payment bond and dismissed Gorman's action.
The major purpose of section 255.05(1), Florida Statutes (1981), governing payment bonds on public construction projects, is to protect subcontractors and suppliers by providing them with an alternative remedy to the mechanics lien. The School Board of Palm Beach County v. Fasano, 417 So.2d 1063 (Fla. 4th DCA 1982) and Miller v. Knob Construction Co., 368 So.2d 891 (Fla. 2d DCA 1979). A subcontractor is not an indispensable party to a supplier's action against the principal and surety under a bond required by section 713.23(1)(g) of the Mechanics Lien Law. Alpha Electric Supply v. F. Feaster, Inc., 358 So.2d 892 (Fla. 2d DCA 1978). It has also been held that a general contractor is not an indispensable party to an action by a subcontractor against an owner under the same statutory scheme. Bybee v. Stearn, 95 So.2d 529 (Fla. 1957). Petitioner contends that the same rule should apply to its action under section 255.05.
Respondents attempt to negate the effect of Miller and Alpha Electric by quoting from the Second District opinion in Winchester v. Florida Electric Supply, Inc., 161 So.2d 668 (Fla. 2d DCA 1964). Although the court declared in Winchester that the public works law and the mechanics lien law deal "with two separate fields which are mutually exclusive," the statement was made in the context of applying payment received on a public construction project. Respondents also contend that a different result is mandated because of the difference in statutory language. Section 713.23(1)(g) states:
Any lienor shall have a direct right of action on the bond against the surety.
(Emphasis added), while section 255.05(1) states:
The claimant shall have a right of action against the contractor and surety for the amount due him.
We do not believe the difference in language affects the issue before us. Section 255.05 appears to have been patterned after the Miller Act, 40 U.S.C. § 270a, which requires a bond to provide security for those who furnish labor and material in performance of construction contracts for the federal government but have no contract, direct or implied with the government. Warrior Constructors, Inc. v. Harders, Inc., 387 F.2d 727 (5th Cir.1967). Under 40 U.S.C. § 270b(a), such parties "shall have the right to sue on such payment bond... ." It is clear that this right is a direct one, although the language of the statute, like the language of section 255.05(1), does not say so precisely. Similarly, we believe the right under section 255.05(1) is a one of direct action against the contractor and surety without joinder of the subcontractor.
Although we believe the trial court erred in denying petitioner the opportunity to bring a direct action against the respondents, not every error justifies the invocation of our common law certiorari jurisdiction. Petitioner must also demonstrate that the remedy by appeal after final judgment would be inadequate. Ford Motor Co. v. Edwards, 363 So.2d 867, 869 (Fla. 1st DCA 1978). We believe there has been such a demonstration here.
*1020 Interstate is bankrupt, or in the course of bankruptcy proceedings. Rule of Bankruptcy Procedure 11-44(a) declares:
A petition filed under Rule 11-6 or 11-7 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding, except a case pending under Chapter X of the Act, for the purpose of the rehabilitation of the debtor or the liquidation of his estate.
Even if Interstate were an indispensable party, it could not effectively be joined in petitioner's suit. Absent the possibility of joining Interstate, the May 24 order of dismissal is tantamount to a dismissal with prejudice of petitioner's claim against the respondents. Under these circumstances we believe the petitioner has demonstrated a basis for invoking certiorari jurisdiction.
Accordingly, we grant the petition and quash the order of dismissal with directions that the trial court reinstate the petitioner's cause of action and conduct further proceedings in accord herewith.
HERSEY and WALDEN, JJ., concur.