PER CURIAM.
This is an appeal from an order determining that Waldron’s, Inc. (Waldron) is entitled to recover its attorney’s fees under a bond written by Fidelity and Deposit Company of Maryland.
PCL Civil Constructors, Inc., as general contractor, entered into a contract with the Port Everglades Authority, as owner, to build a complex to be called the Southport Bulkheads Dredging and Infrastructure. Because the owner is a public entity, the general contractor was required to, and did, post bond in compliance with section 255.05, Florida Statutes (1989). Appellee, Waldron, supplied materials pursuant to a subcontract with the general contractor. Ultimately, the owner advised the general contractor to stop construction and to move the materials supplied by Waldron to an area under the control of the owner. The general contractor complied with this request, and those materials were subsequently disposed of by the owner.
After arbitration, Waldron received payment for the materials and thereafter sought attorney’s fees in the trial court. Waldron’s motion for summary judgment was granted. The amount of attorney’s fees was to be determined at a subsequent hearing. The bonding company appeals, asserting that Waldron was not entitled to judgment as a matter of law, and that there were genuine material issues of fact which precluded summary judgment. We reject both contentions and affirm.
The essence of appellant’s argument is that since the materials were not specially fabricated for this job, nor were they incorporated into the project, as required by sections 713.01(14)(e) and 713.01(9), Florida Statutes (1989), attorney’s fees are not recoverable under section 627.428 Florida Statutes (1989). This position is supported by the definition in section 713.01(9) itself and by such cases as Clutter Construction Corp. v. State, 139 So.2d 426 (Fla.1962).
The instant case, however, provides a variation from the general theme of most construction cases. Here the owner and the contractor caused the materials to be diverted from their intended destination. Thus, incorporation into the project was frustrated by the intentional acts of these two parties. Under such circumstances it seems reasonable either to adopt a “constructive incorporation” approach to the entitlement issue or to find an element of estoppel which would vitiate the defense that the materials had not been either specially fabricated or incorporated into the project. See, e.g., Sterling Apartments, Inc. v. Arch Creek Lumber Co., 113 So.2d 711 (Fla. 3d DCA 1959).
As argued by appellee Waldron, both the terms of the bond and the language of the statute are intended to protect the interests of claimants who find themselves in a position such as Waldron’s. The statute is remedial in nature; therefore, it is entitled to a liberal construction, within reason, to effect its intended purpose. See City of Fort Lauderdale ex rel. Bond Plumbing Supply, Inc. v. Hardrives Co., 167 So.2d 339 (Fla. 2d DCA 1964).
*121 Accordingly, we affirm the summary judgment.
AFFIRMED.
DOWNEY, HERSEY and POLEN, JJ., concur.