Ms. Pamela K. Akin Clearwater City Attorney Post Office Box 4748 Clearwater, Florida 34618-4748
Dear Ms. Akin:
You ask substantially the following question:
Does section 255.05, Florida Statutes, require a contractor who enters into a contract with the city to install and connect underground natural gas service lines to procure a payment and performance bond when the contract is in excess of $200,000 but the cost of each single service line installation and connection is less than $200,000?
In sum:
Section 255.05, Florida Statutes, requires a contractor who enters into a contract with the city to install and connect underground natural gas service lines to procure a payment and performance bond when the contract is in excess of $200,000 even though the cost of each service line installation and connection is less than $200,000.
Section 255.05(1), Florida Statutes, provides in pertinent part:
Any person entering into a formal contract with . . . [a] city . . . for the prosecution and completion of a public work, or for repairs upon a . . . public work shall be required, before commencing the work, to execute, deliver to the public owner, and record in the public records where the improvement is located, a payment and performance bond with a surety insurer authorized to do business in this state as surety. . . . At the discretion of the official or board awarding such contract when such work is done for any county, city, political subdivision, or public authority, any person entering into such a contract which is for $200,000 or less may be exempted from executing the payment and performance bond. . . .
You state that the contract estimates the type and extent of the work anticipated over the course of the year and places a value on the work as a whole. After each installation, the contractor bills the city for its services. You ask whether each installation may be considered a separate contract that is less than $200,000 such that a payment and performance bond would not be required under section 255.05, Florida Statutes.
Section 255.05, Florida Statutes, prescribes the bond required of contractors constructing public buildings or public works. The purpose of this section requiring a contractor to obtain a payment and performance bond is to protect subcontractors and suppliers on public construction projects by providing them with an alternative remedy to the mechanics' lien available on private construction projects.[1] The payment bond ensures that subcontractors and materialmen will be paid, while the performance bond guarantees that the contract to perform the public work will be fully performed.[2] As the statute is remedial in nature, it is entitled to liberal construction to effect its intended purpose.[3]
The statute requires the contractor to post a payment and performance bond for a contract in excess of $200,000. According to your letter, the city has entered into a single contract with a contractor for an amount in excess of $200,000. The statute would, therefore, appear to require the contractor to post such a payment and performance bond. Nothing in section 255.05, Florida Statutes, authorizes a contract to be broken down into segments so as to avoid the bond requirements specified therein. Where the Legislature has directed how a thing shall be done, it is, in effect, a prohibition against its being done in any other way.[4]
Accordingly, I am of the opinion that section 255.05, Florida Statutes, requires a contractor who enters into a contract with the city to install and connect underground natural gas service lines to procure a payment and performance bond when the contract is in excess of $200,000 even though the cost of each service line installation and connection is less than $200,000.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, e.g., Blosam Contractors, Inc. v. Joyce, 451 So.2d 545
(Fla. 2d DCA 1984); Gorman Company of Fort Lauderdale, Inc. v. Frank Maio General Contractor, Inc., 438 So.2d 1018 (Fla. 4th DCA 1983).
[2] See, Florida Board of Regents v. Fidelity Deposit Company,416 So.2d 30 (Fla. 5th DCA 1982); Guin v. Hunt, Inc. v. Hughes Supply, Inc., 335 So.2d 842 (Fla. 4th DCA 1976).
[3] See, Fidelity and Deposit Company of Maryland v. Waldron's, Inc., 608 So.2d 119 (Fla. 4th DCA 1992).
[4] Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State,335 So.2d 815, 817 (Fla. 1976).