661 So.2d 942 (1995)
PALM BEACH COUNTY, a political subdivision of the State of Florida, Appellant,
v.
TRINITY INDUSTRIES, INC., a Delaware Corporation, Appellee.
No. 94-3510.
District Court of Appeal of Florida, Fourth District.
October 25, 1995.
*943 Anne' Desormier-Cartwright and Denise J. Bleau, West Palm Beach, for appellant.
Paul A. Turk, Jr. of Paul A. Turk, Jr., P.A., West Palm Beach, for appellee.
GUNTHER, Chief Judge.
Appellant, Palm Beach County, defendant below (the County), appeals a final judgment entered after the trial court granted Appellee's, Trinity Industries, Inc., plaintiff below (Trinity), motion for summary judgment as to liability. Because no genuine issue of material fact exists as to liability, we affirm the final judgment.
The County posted a notice of bid for a contract for the furnishing and/or installing of guardrail for various job sites at any location within Palm Beach County. In the bid specifications, the scope provided that the term of the contract should be for dates certain to run twelve months with an option to renew for an additional twelve months. The bid specifications also revealed that the estimated annual expenditure would be $245,000.00.
Subsequently, the Palm Beach County Board of County Commissioners entered into a price agreement with Palm Beach Guardrail and Erosion Control (Palm Beach Guardrail) that set forth the duration of the agreement to run from August 20, 1991 through August 22, 1992 and the estimated dollar value at $247,000.00. Trinity entered this scenario as a subcontractor who provided materials to Palm Beach Guardrail for installation at one of the County's significant job sites. When Palm Beach Guardrail could no longer provide services to the County under the price agreement, the County entered into a price agreement with Rawls & Associates, Inc. to "complete the term of the original price agreement with Palm Beach Guardrail."
In sum, Palm Beach Guardrail performed work for the County worth $196,565.84 pursuant to the price agreement. In fulfilling the time remaining in the original contractual agreement, Rawls & Associates, Inc., provided services to the County in the amount of $39,701.99. Thus, the total work received by the County pursuant to their notice of bid for the furnishing and/or installing of guardrail was in the amount of $236,267.83.
*944 Trinity obtained a default judgment against Palm Beach Guardrail. However, collection of that judgment proved unsuccessful because Palm Beach Guardrail lacked assets. Trinity then filed an action against the County alleging that the County had failed to require Palm Beach Guardrail to post a bond in accordance with section 255.05, Florida Statutes (1991). In the parties' undisputed statement of facts, it is conceded that the County did not require the contractor, Palm Beach Guardrail, to submit a payment and performance bond under section 255.05(1)(a). The parties also stipulated that the estimated annual amount of the guardrail contract between the County and Palm Beach Guardrail was for $250,000.00.
Section 255.05(1)(a), Florida Statutes (1991), requires, in pertinent part:
Any person entering into a formal contract with the state or any county, city, or political subdivision thereof, ... for the construction of a public building or public work shall be required, before commencing the work, to execute, deliver to the public owner, and record in the public records of the county where the improvement is located, a payment and performance bond with a surety insurer authorized to do business in this state as surety... .
The statute further exempts those contractors whose contracts fall under $200,000.00 from obtaining a bond:
At the discretion of the official or board awarding such public authority, any person entering into such a contract which is for $200,000 or less may be exempted from executing the payment and performance bond.
This court has noted that the above statute is remedial in nature and therefore, entitled to a liberal construction, within reason, to effect its intended purpose. Fidelity and Deposit Co. of Maryland v. Waldron's Inc., 608 So.2d 119, 120 (Fla. 4th DCA 1992). Historically, the purpose of this section is to protect subcontractors and suppliers by providing them with an alternative remedy to mechanic's liens on public projects. School Bd. of Palm Beach County v. Vincent J. Fasano, Inc., 417 So.2d 1063, 1065 (Fla. 4th DCA 1982); see also Gorman Co. of Fort Lauderdale, Inc. v. Frank Maio Gen. Contractor, Inc., 438 So.2d 1018, 1019 (Fla. 4th DCA 1983); Winchester v. Florida Elec. Supply, Inc., 161 So.2d 668, 669 (Fla. 2d DCA 1964).
In following the Florida Supreme Court in Warren v. Glens Falls Indem. Co., 66 So.2d 54 (Fla. 1953), this court has explained that section 255.05 places a corresponding duty on the public agency, as well as the contractor, to see that a bond is in fact posted for the protection of the subcontractors before construction commences. Pavex Corp. v. Broward County Bd. of County Com'rs, 498 So.2d 1317, 1318 (4th DCA), rev. dismissed, 509 So.2d 1118 (Fla. 1987).
Where the determination of the issues of a lawsuit depends upon the construction of a written instrument and the legal effect to be drawn therefrom, the question at issue is essentially one of law only and determinable by entry of summary judgment. Angell v. Don Jones Ins. Agency Inc., 620 So.2d 1012, 1014 (Fla. 2d DCA 1993). Moreover, a summary judgment is appropriate where the material facts are not in dispute and the judgment is based on the legal construction of documents. Ball v. Florida Podiatrist Trust, 620 So.2d 1018 (Fla. 1st DCA 1993). The standard for reviewing the entry of a summary judgment requires that a party moving must conclusively show the absence of any genuine issue of material fact. Moore v. Morris, 475 So.2d 666 (Fla. 1985). The trial court must then draw every reasonable inference in favor of the non-moving party. Id.; Lenhal Realty, Inc. v. Transamerica Commercial Fin. Corp., 615 So.2d 207 (Fla. 4th DCA 1993).
In the instant case, we find that the evidence presented no genuine issue of material fact. The parties' statement of undisputed facts clearly reveals the County's approval to award Palm Beach Guardrail a guardrail contract to provide for countywide guardrail requirements for an estimated annual amount of $250,000.00. In addition, the statement of undisputed facts establishes that the contract between the parties was for one year. There exists no genuine issue of material fact that Palm Beach Guardrail became *945 insolvent, making it impossible for Trinity to collect against its default judgment. Furthermore, we find that the legislature, by enacting section 255.05, intended to protect the subcontractor, or materialman, from precisely this type of occurrence. Clearly, the contract between the County and Palm Beach Guardrail exceeded the $200,000.00 exemption, thus requiring the County to ensure that Palm Beach Guardrail "execute, deliver to the public owner, and record in the public records ... a payment and performance bond... ." § 255.05(1)(a), Fla. Stat. (1991). Accordingly, we affirm the final judgment and summary judgment entered by the trial court in favor of Trinity.
AFFIRMED.
DELL and STEVENSON, JJ., concur.