PER CURIAM.
This cause is before us on Wal-Mart’s appeal from an order granting summary final judgment to Appellees (hereinafter “the subcontractors”). We reverse.[1]
At the summary final judgment hearing, the subcontractors’ counsel acknowledged that the record did not prove “aggressive positive fraud” by Wal-Mart. However, the trial court found that Wal-mart had perpetrated a constructive fraud on the subcontractors by negligently failing to determine the invalidity of the payment bond, and held that the subcontractors were entitled to equitable relief under section 713.31, Florida Statutes.
Wal-Mart argues on appeal that such equitable relief under section 713.31 requires evidence of actual fraud, intentional misrepresentation, or affirmative deception; the subcontractors argue to the contrary that equitable relief under section 713.31 is appropriate absent any such proof.
Section 713.31(1), Florida Statutes (1993), provides in pertinent part that a trial court may provide equitable remedies “[w]hen the owner or any lienor shall, by fraud, or collusion, deprive or attempt to deprive any lienor of benefits or rights to which such lienor is entitled_” (Emphasis added.) We find no cases defining “fraud,” as used in the foregoing statute, in the context of this case. However, in other construction cases, intentional conduct is required. As the Florida Supreme Court held in First Interstate Dev. Corp. v. Ablanedo, 511 So.2d 536, 539 (Fla.1987), “to prove fraud, a plaintiff must establish that the defendant made a deliberate and knowing misrepresentation designed to cause, and actually causing detrimental reliance by the plaintiff.” (Emphasis added.) See also Taylor v. Kenco Chemical & Mfg. Corp., 465 So.2d 581, 589 (Fla. 1st DCA 1985) (listing elements of fraud). In Vinci Dev. Co. v. Connell, 509 So.2d 1128, 1132 (Fla. 2d DCA),[2] the court held that Florida Statute section 713.31, providing remedies for fraudulent liens, was intended to apply where a lienor willfully exaggerates the claim of lien, not where the filing, though incorrect, is made in “good faith.”
We hold that the trial court erred in entering summary final judgment for the subcontractors under section 713.31(1) in the absence of a finding of intent to defraud. Accordingly, we REVERSE and REMAND for further proceedings.
BOOTH, MINER and MICKLE, JJ., concur.

. We affirm without comment the subcontractors' cross-appeal.

. Rev. denied, 518 So.2d 1274 (Fla.1987).