PER CURIAM.
We reverse the summary final judgment in favor of appellee Morton A. Gregg (Gregg). The record shows that Gregg owned and operated a mobile home park in Coconut Creek where Judith A. Tobias, appellant, and Kurt W. Seabold were neighbors. Seabold owned a dog of pit bull and bulldog ansees-try, which he kept on the premises. Seabold displayed a “Bad Dog” sign in front of his mobile home. This case arose after the dog attacked and injured Tobias when she approached Seabold’s home to complain about the dog’s barking.
Gregg misplaces his reliance on Bessent v. Matthews, 543 So.2d 438 (Fla. 1st DCA 1989). Here, genuine issues of material fact exist as to whether Gregg had constructive knowledge of the dog’s dangerous propensities which preclude the entry of final summary judgment in his favor. Palm Beach County v. Trinity Industries, Inc., 661 So.2d 942, 944 (Fla. 4th DCA 1995). Therefore, we reverse and remand this cause to the trial court for further proceedings.
REVERSED and REMANDED.
GUNTHER, C.J., and DELL and STEVENSON, JJ. concur.